# IN THE UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# MCALLEN DIVISION

| | |
|---|---|
| **ADRIAN CERVANTES** § | |
| *Plaintiff,* § | |
| § | |
| V. § | Civil Action No. 7:24-cv-517 |
| § | |
| § | |
| **STATE FARM MUTUAL AUTOMOBILE** § | |
| **INSURANCE COMPANY** § | |
| *Defendant.* § | |

## DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY'S NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Defendant State Farm Mutual Automobile Insurance Company ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. § 1446(a) and respectfully shows the following:

### *Procedural Background*

1. On July 31, 2024, Plaintiff filed his Original Petition against diverse Defendant State Farm Mutual Automobile Insurance Company ("State Farm"), styled Cause No. C-3521-24-D; *Adrian Cervantes vs. State Farm Mutual Automobile Insurance Company*; In the 206th Judicial District Court, Hidalgo County, Texas.

### *Nature of the Suit*

2. This lawsuit involves claims for personal injuries arising out of an automobile accident which occurred on November 22, 2022. Plaintiff claims Sonia Alejandra Sanchez was negligent in her handling of her vehicle and seeks UIM benefits under a policy issued by Defendant State Farm. Plaintiff seeks actual damages pursuant to the contract of insurance with State Farm, including past and future pain and suffering, mental anguish, past and future medical expenses,

fast and future lost wages, physical disfigurement, past and future impairment, loss of income, and medical expenses, past and future loss of earning capacity, loss of consortium, loss of household services, pre and post judgment interest, exemplary damages, statutory damages and court costs. Plaintiff has plead a declaratory judgment, breach of contract, breach of the duty of good faith and fair dealing and violations of the insurance code.

*Basis for Removal*

3. Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4. There is complete diversity of citizenship between the parties. At the time State Farm was served with the citation on November 11, 2024, and as of the date of filing this Notice, State Farm was and is a citizen of Illinois. Defendant was incorporated under the laws of the State of Illinois, and its principal place of business is in Bloomington, Illinois. Accordingly, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5. Upon information and belief, Plaintiff was a citizen of Texas when he filed his Original Petition and continues to be a citizen of Texas.

6. Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff pleads in his Original Petition for the recovery of damages over $1,000,000.00. In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages." Plaintiff has asserted a declaratory judgment act for uninsured/underinsured benefits. The uninsured/underinsured motorist ("UM/UIM") policy provides UM/UIM limits of $100,000.00 per person. Plaintiff also asserts extra-contractual

allegations against State Farm and seeks attorney fees. Thus, given the plain language of the Policy involved in Plaintiff's claim, the nature of Plaintiff's claims, and the types and amount of damages sought, the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

7. Based on the Policy's coverage limits and the damages claimed, it would be legally possible for Plaintiff to obtain a recovery of at least $75,000.00. This dispute exceeds the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

### *The Removal is Procedurally Correct*

8. Plaintiff filed suit against Defendant State Farm in state court on July 31, 2024 but Defendant was not served until November 11, 2024. Defendant filed its answer in state court on December 5, 2024.

9. Removal is timely pursuant to 28 U.S.C. § 1446(b) and (c) and *Thompson v. Deutsche Bank Nat. Trust Co.*, 775 F.3d 298 (5th Cir. 2014). In *Thompson*, the Fifth Circuit held that a defendant's right to removal under 28 U.S.C. § 1446(b) and (c) runs from the date it is formally served with process. Here, State Farm was served on November 11, 2024.

10. Venue is proper under 28 U.S.C. § 1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claim allegedly occurred in this district.

11. Pursuant to 28 U.S.C. § 1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this notice.

12. Pursuant to 28 U.S.C. § 1446(d), promptly after State Farm files this Notice, written notice of filing of this Notice of Removal will be given to Plaintiff, the adverse party.

13.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the Clerk of the 206th District Court of Hidalgo County, Texas, promptly after State Farm files this Notice.

WHEREFORE, Defendant State Farm Mutual Automobile Insurance Company requests that this action be removed from the 206th District Court of Hidalgo County, Texas to the United States District Court for Southern District of Texas, McAllen Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW STEPHENS SCHULTZ MOYNIHAN & BROWN LLP
One Riverwalk Place
700 North St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Office: (210) 227-2200
Direct: (726) 222-1886
Facsimile: (210) 227-4602
mbrown@lsslaw.com

By: _____
Margaret F. Brown
Southern District No. 2601884

COUNSEL FOR DEFENDANT STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Defendant State Farm Mutual Automobile Insurance Company's Notice of Removal was filed electronically with the United States District Court for the Southern District of Texas, McAllen Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this 11th day of December, 2024, addressed to those who do not receive notice from the Clerk of the Court.

Benfrancis A. Abila
THE J. GONZALEZ LAW FIRM, PLLC
2120 Oakland Ave.
McAllen, Texas 78501
litigation@jgonzalezlawfirm.com

*Margaret F. Brown*

_____
Margaret F. Brown